# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 27, 2016

```
* * * * * * * * * * * * * *
OLIVIA MEYLOR,                  *
                                *   No. 10-771V
        Petitioner,             *
                                *   Special Master Hamilton-Fieldman
v.                              *
                                *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH             *   Reasonable Amount Requested.
AND HUMAN SERVICES,             *
                                *
        Respondent.             *
* * * * * * * * * * * * * *
```

Mark Krueger, Krueger & Hernandez, S.C., Baraboo, WI, for Petitioner.
Lara Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 8, 2010, Olivia Meylor ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of the Human Papillomavirus ("Gardasil" or "HPV") vaccines on November 15, 2007 and August 1, 2008, caused her to develop Premature Ovarian Insufficiency ("POI"). Petition at Preamble, filed November 8, 2010. On May 16, 2016, the undersigned issued a decision dismissing the case, finding that Petitioner's claim is time-barred.

On October 13, 2016, Petitioner filed an application for final attorneys' fees and costs.[2] Petitioner requested compensation in the amount of $17,651.50 for attorneys' fees and costs, and

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] A decision awarding interim fees and costs was filed March 24, 2014. *Meylor v. Sec'y of HHS*, No. 10-771V, 2014 WL 1413436 (Fed. Cl. Spec. Mstr. Mar. 24, 2014). This decision awards fees and costs incurred after that decision was filed.

$500.00 for Petitioner's costs. Petitioner's Application at 4, filed Oct. 13, 2016. Respondent filed a response to Petitioner's request on October 25, 2016, stating that based on a survey of fee awards in similar cases and in her experience litigating Vaccine Act claims, a reasonable amount for fees and costs in this case would fall between $7,000.00 and $12,000.00. Response at 3, filed Oct. 25, 2016. Respondent also specifically objected to any award of fees and costs in connection with the appeal filed in the Federal Circuit on August 3, 2016. Respondent stated that "Because [P]etitioner failed to request review in the Court of Federal Claims, this appeal was plainly improper and was dismissed by the Federal Circuit for lack of jurisdiction." *Id.*, at 3 n.2. Therefore, Respondent argued, "Counsel should not be awarded fees for this error." *Id.* Furthermore, Respondent objected to the "duplicative nature of the billing not only between this case and the *Madelyne Meylor* case, but between this case and the other primary ovarian insufficiency cases that presented similar statute of limitations problems." *Id.* Petitioner filed a reply on November 2, 2016, arguing that she should be awarded fees and costs associated with the appeal filed in the Federal Circuit on August 3, 2016, and objected to the claim that there were "duplicative" entries. Reply at 1-2.

  First, the undersigned agrees that the attorney's hourly rate is reasonable. Attorneys' fees and costs are specific to each case and cannot be generalized as Respondent argues. Respondent provided no basis or explanation for how she arrived at her proposed range for this specific case. The undersigned also finds, however, that Petitioner is not entitled to fees and costs associated with her appeal. Petitioner did not have recourse to file directly with the Federal Circuit. A party must first seek review by a judge of the Court of Federal Claims before appealing to the Court of Appeals for the Federal Circuit. *See Mahaffey v. Sec'y of HHS*, 368 F. 3d 1378 (Fed. Cir. 2004); *Grimes v. Sec'y of HHS*, 988 F.2d 1196 (Fed. Cir. 1993).

  Lastly, the undersigned agrees in part with Respondent's objection to duplicative fees. The research and review hours were already awarded in the lead case *Culligan*.[3] However, it was necessary to assess the instant case, with its own individual facts, for appropriateness as an onset case. Therefore, the fee entries duplicative of those made in the *Madelyne Meylor* case,[4] and/or those that were already awarded in *Culligan*, are reduced to .50 for every 1.00 hour of time billed. Since only two entries were specifically objected to by Respondent, only 0.9 hours billed will be disallowed. Thus, Petitioner's request is reduced by $905 for fees and costs associated with the incorrectly filed appeal, and $270 for duplicative fees. The total amount awarded to Petitioner's counsel shall be $16,976.50.

  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. **Accordingly, the**

---

[3] A decision awarding interim fees and costs in the lead case was filed March 31, 2016. *Culligan v. Sec'y of HHS*, No. 14-318V, 2016 WL 1622967 (Fed. Cl. Spec. Mstr. Mar. 31, 2016).

[4] *See Meylor v. Sec'y of HHS*, No. 10-770V, Petitioner's Final Application for an Award of Attorney's Fees and Costs, Attachment 1, Affidavit of Attorney Mark L. Krueger, filed October 13, 2016.

**undersigned hereby awards the amount of $16,976.50, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mark L. Krueger, of Krueger & Hernandez, SC for attorneys' fees and costs.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

    **IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).